EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* TOMÁS RIVERA, acusado y apelante.

Núm. 8855.—*Sometido:* Noviembre 6, 1941. *Resuelto:* Noviembre 10, 1941.

*Manuel Torres Reyes,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

■ Tomás Rivera apela de la sentencia que le impuso la Corte de Distrito de Bayamón por una infracción al artículo 371 del Código Penal. La denuncia, en lo pertinente, dice así:

"Que el día 18 de agosto de 1940 y en el Barrio Río Abajo, sitio La Trocha, de Vega Baja, Puerto Rico, el referido acusado, Tomás Rivera, allí y entonces, ilegal, voluntaria y maliciosamente y empleando fuerza y violencia, en el sitio indicado, penetró en la residencia de la demandante contra la voluntad expresa mía, alterando de este modo la paz de la denunciante. (Fda.) Rafaela Muñiz, denunciante."

El apelante sostiene, en los dos errores que señala en su alegato, que la corte inferior erró al apreciar las declaraciones de varios testigos de la defensa en relación con la declaración de la denunciante y "al apreciar la prueba en total." Ambos errores han sido discutidos conjuntamente, tanto por el apelante como por el fiscal, y en la misma forma los resolveremos. En síntesis la prueba de cargo tendió a demostrar que Rafaela Muñiz, la denunciante, vivió en concubinato con Francisco Marrero y que éste compró unos muebles, por contrato de venta condicional, para la casa en que vivían; que allá para el 18 de agosto de 1940 Marrero, que había dejado de vivir con la denunciante, le informó a la casa vendedora de los muebles que no seguiría pagándoles y les ordenó que fueran a recogerlos y, al efecto, el acusado Tomás Rivera, empleado de la mueblería fué con un *truck* a la casa de Rafaela Muñiz y sin su consentimiento y a pesar de su oposición penetró, sacó los muebles, cerró la casa con un candado y se los llevó. La denunciante describe lo ocurrido en esta forma:

"P.—Diga lo que viera. ¿El acusado entró a su casa?

"T.—Yo estaba parada en la puerta de mi casa; yo estaba así y me dijo: 'yo vengo a sacar los muebles'.—¿Con qué permiso?, le dije.—Con el del Señor Paco Marrero—me contestó y le dije: 'no puede entrar' y me dice: 'cómo que no' y se metió y tiro todo abajo.

"P.—¿Qué recogió?

"T.—Todo, todo.

"P.—Diga lo que cogió.

"T.—Sillas, sillones, camas, colchas, fundas, baño, tabla, y hasta la escoba.

"P.—¿Le quitó todo de la casa?

"T.—Sí, señor, después pegó candado a la casa.

"P.—¿Él le mostró alguna orden judicial?

"T.—Llevó un papel que le había dado Paco Marrero para que fuera a sacar todo.

"P.—¿Se metió y se llevó todo?

"T.—Todo."

La prueba del acusado tiende a demostrar que en el momento de ir el acusado a buscar los muebles estaba en la casa Francisco Marrero y que fué éste quien se los entregó en presencia de la denunciante sin que el acusado penetrara en la casa.

Existe, por tanto, un manifiesto conflicto en la prueba que fué resuelto por la corte inferior dando crédito a la declaración de Rafaela Muñiz y no a lo declarado por los testigos del acusado. No se ha demostrado que el juez inferior actuara movido por pasión, prejuicio o parcialidad y del examen que hemos hecho de la transcripción de la evidencia, tampoco podemos concluir que dicho juez cometiera manifiesto error en la apreciación de la prueba.

■ El artículo 371 del Código Penal en la parte pertinente a este caso, dispone lo siguiente:

". . . Toda persona que penetrare en domicilio ajeno, contra la voluntad expresa del morador, o que en cualquier forma interviniere con el citado domicilio alterándolo, realizando actos de dominio, modificándolo o intentando hacer en el mismo cualquier reparación no importe la índole que fuere, salvo también en los casos y en la forma permitida por la ley, incurrirá en penas que no bajará de tres meses ni excederá de seis meses de prisión, o multa de doscientos a quinientos dólares."

El acusado al penetrar en el domicilio ajeno de Rafaela Muñiz contra la voluntad expresa de ella violó dicho precepto legal. Aún aceptando que sea cierto que Francisco Marrero le diera una orden al acusado para que recogiera los muebles, dicha orden carecía de eficacia legal para autorizarle a penetrar en el domicilio de Rafaela Muñiz, pues ya Marrero no residía allí según su propia declaración.

*Se confirma la sentencia apelada.*